UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYRONE BUSH,<br><br>Defendant. | No.  1:15-cr-00177-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 42 U.S.C. § 2255<br><br>(Doc. No. 25) |

Pending before the court is defendant Tyrone Bush's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 filed *pro se* on August 17, 2017.[1] (Doc. No. 25.) The court has considered the parties' briefing and, for the reasons set forth below, will deny defendant's motion.

**BACKGROUND**

On November 30, 2015, defendant pled guilty before Senior District Judge Anthony W. Ishii to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 17.) The minute entry from that change of plea hearing noted that defendant was "advised of [the] charge, maximum penalties, and rights." (*Id.*) On March 14, 2016, defendant appeared

---

[1] The court apologizes to the parties for overlooking the pendency of this motion and the delay in the issuance of this order.

before the undersigned who was assigned to this action after the entry of plea and before sentencing. At that time defendant was sentenced to a thirty-seven month term of imprisonment, to be served consecutive to any undischarged term of imprisonment relative to the sentence earlier imposed in *United States v. Tyrone Royle Bush*, No. 1:13-cr-00237-LJO-SKO, (Doc. No. 18) (Oct. 16, 2014). (Doc. Nos. 23 & 24.) At the time of his sentencing in this case, defendant was advised of his appellate rights. (Doc. No. 23.)

In the pending motion to vacate, set aside or correct his sentence, defendant contends that he did not receive effective assistance of counsel in determining whether to plead guilty. (*See generally* Doc. No. 25.) Specifically, defendant contends that his attorney provided him "misadvice to plead guilty" by advising him "that his charges will be ran concurrent with his 2013 charges prior to advising him to plead guilty." (*Id.* at 4, 6, 7.) Defendant also argues that he "d[id] not even have an idea that he has a statutory right to an appeal[,] [n]or did he have any idea as to what a habeas corpus petition under 2255 and/or (2241) consist of." (*Id.* at 4.)

On November 2, 2017, the government filed its opposition to the pending motion. Therein, the government contends that defendant's § 2255 motion is untimely because it was filed more than one year after the applicable one-year statute of limitations for pursuing the requested relief had expired and defendant has not shown that he is entitled to equitable tolling. (Doc. No. 38.) On December 11, 2017, defendant filed his reply. (Doc. No. 40.) Defendant argues that the pending motion was timely filed because he "was just made aware that his attorney was disbarred for the exact same claims that he made in his 2255 application." (*Id.* at 1.)

**LEGAL STANDARDS**

Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition." Rules Governing Section 2254 and 2255 Cases, Rule 4.

A one-year statute of limitations applies to all motions filed under 28 U.S.C. § 2255, which, as relevant here, runs from the latest of "(1) the date on which the judgment of conviction becomes final; [or] . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Equitable tolling principles apply to petitions under 28 U.S.C. § 2255 in a manner similar to those filed by state prisoners under 28 U.S.C. § 2254. *United States v. Battles*, 362 F.3d 1195, 1196–97 (9th Cir. 2004) ("The two sections have the same operative language and the same purpose. We fail to see any reason to distinguish between them in this respect."). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 530 U.S. 631, 649 (2010); *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir.2011). That said, "equitable tolling is 'unavailable in most cases.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)); *see also Holland*, 560 U.S. at 652 ("[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]"). The petitioner seeking equitable tolling "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda*, 292 F.3d at 1065.

**DISCUSSION**

In the pending form-motion, under Question 18, titled "Timeliness of Motion," defendant, in conclusory fashion, notes that his motion "S[h]ould be deemed Filed within a timely manner." (Doc. No. 25 at 11.) The government counters that the pending motion must be denied because defendant filed the motion after the applicable one-year statute of limitations expired and defendant has not shown that he is entitled to equitable tolling. (Doc. No. 38.) The court agrees.

"[T]he statute of limitations within which [defendant] had to file [his] § 2255 motion began to run upon the expiration of the time during which [he] could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Here, judgement was

3

entered on March 14, 2016 (*see* Doc. Nos. 23; 24 at 1), and that judgment "became a final judgment for habeas purposes once the deadline for filing a notice of appeal expired 14 days later," *United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015), on March 28, 2016. Defendant did not appeal the judgment, thus he had until March 28, 2017 to file his § 2255 motion. The pending motion, however, was filed on August 17, 2017, nearly four-and-a-half months after the one-year statute of limitations expired.

In his reply, defendant, relying on 28 U.S.C. § 2255(f)(4), contends in extremely conclusory fashion that he discovered new facts, namely that "he was just made aware that his attorney was disbarred for the exact same claims that he made in his 2255 application." (Doc. No. 40 at 1.) He contends that upon discovering this information, "he immediately filed a 2255(f)(4)." (*Id.*) The court is not persuaded by defendant's argument. Even assuming for the sake of argument that defendant's former counsel was disbarred for "the exact same claims" he is asserting in the pending motion[2] and further assuming that defendant only became aware of that fact more than a year from the date of entry of final judgment in this action, the court fails to see how the alleged disbarment of his former counsel supports defendant's request for tolling of the statute of limitations. Even if defendant's former attorney had been disbarred for reasons similar to the ineffective assistance of counsel claims defendant is asserting in the pending motion, that does not mean that he was in any way prevented from asserting his ineffective assistance of counsel claims within the applicable statute of limitations or that he was unaware of the basis for those claims prior to his alleged discovery of new facts regarding his counsel.

Because the pending petition was filed after the applicable one-year statute of limitations expired and because defendant has not shown that he is entitled to equitable tolling, the court finds that the pending § 2255 motion is untimely and must therefore be denied.

/////

/////

---

[2] Defendant's contention in this regard appears to be unfounded. The court has accessed the California State Bar's public website and defendant's former counsel in this action is reflected there as an active member of the bar as of the date of this order. Certainly defendant has presented no evidence or support of any kind for his conclusory assertion.

4

**CONCLUSION**

For the reasons set forth above, defendant's motion to vacate, set aside, or correct his sentence (Doc. No. 25) pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Dated: __**July 21, 2020**__

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE